# Vaughan *v.* Williamson.

*Action on Promissory Note.*

1. *Charge to jury; requisites of.*—Charges to the jury are designed to enable that body to weigh the testimony, to determine what facts it proves, and to apply to these facts, when ascertained, the legal principles asserted in the charge; and they should always be confined to facts, which the evidence tends to establish.

2. *Same; when properly refused as abstract.*—A charge asked, which assumes childishness and fretfulness of old age, as factors in the resultant legal proposition asserted by it, is properly refused, when the record discloses no testimony adduced in support of such postulate.

3. *Promissory note; what necessary to render person liable as maker.* To render a person liable as the maker of a note which he did not sign, it is not enough that he authorized another person to sign it for him, unless that person did actually sign it by virtue of his authority.

[Vaughan v. Williamson.]

APPEAL from Chambers Circuit Court.

Tried before the Hon. JAS. E. COBB.

This was an action on a promissory note, which purported to be signed by B. B. Blassengame, the intestate of defendant. The case was tried on pleas setting up that Blassengame was *non compos mentis*, and a plea of *non est factum*. The plaintiff introduced one Kellam, a witness to the note, who testified that his signature thereto was genuine, and that the maker of the note must have signed it himself, or authorized some one to sign it for him, or he would not have attested it as a witness; but that he did not remember the circumstances under which the note was signed, nor did he know or remember the signature of Blassengame, The defendant then proved that the signature to the note was not the signature of B. B. Blassengame; "and about eight witnesses testified that, at the time of the making of said note, the mind of Blassengame was unsound." On the part of the plaintiff, "a like number of witnesses testified that, at that time, said Blassengame was of sound mind." It was also shown that Blassengame was about seventy years of age, when the note was signed, and that his mind was weak. The bill of exceptions does not purport to set out all the evidence. The plaintiff requested the court to give the following written charges, which the court refused to give, and he excepted: (1.) "There may be a competency to make a contract, without such capacity as would enable a man to transact the ordinary business of life. Feebleness of intellect, or the childishness and fretfulness of old age, not amounting to mental unsoundness, might make one unfit for the active business transactions which would require prompt action upon newly presented subjects, with combinations to which the mind was unaccompanied; and yet there might be a full capacity to make a valid contract. Mere weakness of mind will not avoid a contract, unless such weakness amounts to derangement of mind." (2.) "That if the jury believe, from the evidence, that said B. B. Blassengame authorized any one to sign his name to said note, then it was a good signature, and binding upon him." The refusal to give these charges is now assigned as error.

N. D. DENSON, and JOHN A. TERRELL, for appellant.—The first charge asked by the plaintiff was authorized under the evidence, as all of plaintiff's witnesses testified that Blassengame was about seventy years old, feeble and of weak mind merely. This charge was in full accord with *Stubbs v. Houston*, 33 Ala. 555. See, also, *In re Carmichael*, 36 Ala. 514.

[Vaughan v. Williamson.]

J. R. DOWDELL, *contra.*—There was no evidence of childishness and fretfulness of Blassengame, and the charge is based wholly on the assumption of such evidence.—71 Ala. 215, 295; 73 Ala. 396; Brickell's Dig. 338, § 41. The second charge utterly ignores the plea of *non compos mentis,* and the abundant evidence to support. Certainly, if Blassengame was not of sound mind, he could neither himself sign, nor authorize any one to sign the note for him, so as to make it binding.

STONE, C. J.—It is settled law, that charges to the jury should have reference to the testimony given in. Their design and utility are, to enable that body to weigh the testimony, to determine what facts it proves, and then to apply to those ascertained facts the rules of law given them in charge. These form the predicate, or premises, of which their verdict is the result, or conclusion. Hence it is that charges should be confined to the tendencies of the testimony actually before the jury, and should not relate to outside or supposed facts, of which there is not shown to have been any proof. The reason is obvious. Juries must determine disputed questions on the testimony before them, and only on the testimony before them. If supposed or postulated facts be laid before them, of which there is no proof, the tendency would be to divert their minds from the true to the fictitious, from the real to the imaginary; and it could not be known what influence such supposed facts exerted in moulding the verdict.—1 Brick. Dig. 338, § 41; *Ib.* 340, §§ 64, 65; *S. & N. R. R. v. Wood,* 71 Ala. 215; *Alexander v. Alexander, Ib.* 295; *M. & E. Railway Co. v. Kolb,* 73 Ala. 396.

The first charge asked and refused postulates "childishness and fretfulness of old age," as factors in the resultant legal proposition it asserts. The record discloses no testimony in support of this postulate. This, without more, justified its refusal.—1 Brick. Dig. 340, § 65.

The second charge asked was rightly refused. It was not enough that some other person was authorized to sign the note for Blassengame. To bind the latter, that other person must not only have had authority to sign, but he must have executed the authority by signing the note. The charge omits one of the indispensable elements of an act done by an agent, which consists as well of an act done, as of the authority to do it.

Affirmed.